**In re Richard A. LAMBERT, SS # 316–38–8836, Nancy C. Lambert, SS # 312–42–7448, Debtors.**

**Bankruptcy No. 80–60136.**

United States Bankruptcy Court,
N. D. Indiana,
Hammond Division.

Sept. 12, 1980.

Rudy Kutansky, Gary, Ind., for debtors.

Daniel Freeland, Highland, Ind., Trustee and pro se.

## MEMORANDUM

RUSSELL H. NEHRIG, Bankruptcy Judge.

The debtors claimed exemptions under Sec. 522(d) of the Bankruptcy Code. Each claimed a $200.00 exemption in each item of household goods, but they did so in a joint claim so that the total appears as $400.00. One claimed an exemption of $1,200.00 in one car and the other claimed it in a second car. Other exemptions were claimed.

The trustee objected to the exemptions. He maintains that the personal property is jointly owned and that neither has a separable interest, that each must claim an exemption in same item of household goods and that there is only one exemption between them of $200.00. The same assertion is made about the automobiles. He concedes that if only one spouse filed bankruptcy, there would be a separation of interests and the trustee would be seized with one-half of the property, but contends there was no separation when both filed.

The aspects of joint ownership of personal property and the concept of unity of ownership become squiggly the deeper one goes into the subject. One owner of a joint bank account can use all of the money and, if only one files bankruptcy, the trustee can take the whole value. One joint owner of cars, household goods, etc., can dispose of the property without the concurrence of the other owner.

The court considers that the answer to the unity concept and the question about exemptions is found in the field of tenancy by entirety ownership of real estate. The court must look to the Indiana law for the nature and incidents of such ownership. Entirety property is absolutely indivisible in the nonbankruptcy situation. Neither spouse owns a part and both own the whole. *Sharpe v. Baker*, (1911, 1912), 51 Ind.App. 547, 96 N.E. 627, 99 N.E. 44.

The *Sharpe* case has long been considered to be the law of Indiana on the subject of exemptions. The case dealt with a joint judgment against husband and wife and that their entireties property was sold on an execution issued against both which led to the sale of the property. Husband and wife filed a suit to quiet title to the property. Neither opinion disclosed anything about any claim of exemptions or that it was an issue. However, on rehearing an argument was made that the opinion deprived a tenant by the entirety of the right to claim the entirety property or any part thereof as exempt from execution. The court on rehearing stated that a tenant by the entirety had no separate interest in entirety property which could be claimed as exempt and that the right of an execution defendant to claim property as exempt extends only to property in which he has an individual interest. It is to be particularly noted that the language used was limited to one

tenant. It did not consider what would be the case if both tenants joined in claiming an exemption. As stated, the opinions do not show that there was any issue about exemptions in entirety property. Yet, the decision has long been considered to be the law in Indiana. It has been cited as authority for denying the husband and wife exemptions in entirety property when both were in bankruptcy. This court thinks there is serious doubt about the meaning of the *Sharpe* case and whether it is good authority for its language about exemptions. One reasons that, if tenants by the entirety can by their joint action convey the property by their joint deed or encumber it, they should jointly be entitled to claim an exemption on an execution issued on a joint judgment.

Looking again to Indiana law, the legislature enacted an exemption statute which became effective April 1, 1980. IC 34–2–28.1. After providing for a $7,500.00 exemption in real estate constituting the personal or family residence of the debtor or a dependent of the debtor, the statute reads as follows:

> "The exemption under this subsection shall be individually available to joint debtors concerning property held by them as tenants by the entireties" IC 34–2–28–1.

The prior Indiana exemption law in effect when this case was filed provided for an exemption in terms of "the personal or family residence of the debtor." This and other bankruptcy courts considered that when both spouses filed bankruptcy each was a debtor and there were two exemptions. The court considers that those statutes superseded the *Sharpe* case.

■ If entirety real estate with its rigid and limited incidents qualifies for separate exemptions under the Indiana statutes, certainly jointly owned personal property with its lesser incidents also should.

The court does not foresee any problem about applying this ruling to the exemption statutes. Under Sec. 522(d) of the Code and except for property which may be wholly owned by one debtor, each debtor in a joint case should be treated as owning a one-half interest in personal property. In household goods each has a $200.00 exemption in each item. If only one-half is claimed and the value of the whole is not more than $200.00, the trustee should abandon the other half interest. If the one-half claimed has value above $200.00 or if both claim and there is value above $400.00, the trustee may sell and pay cash for exemptions. If cars are separately titled, each may claim his or her car. If they are jointly titled, each may claim an exemption of one-half interest in different cars. If the value of each car does not exceed $1,200.00 or if there is only one car which each claims and the value does not exceed $2,400.00, the trustee abandons. Otherwise, he may sell and pay cash for exemptions.

This opinion is not intended to interfere with the trustee's discussion about the value of property in his brief. For instance, he thinks the real estate value has been understated and that this might make it necessary for debtors to revise their claims.

The trustee's brief concludes with a statement that to allow debtors to stack their exemptions as they wish would place them in a position by being married which is superior to that of an individual debtor. The court does understand the meaning, but, at the risk of seeming facetious, will simply say there are two of them.