In re Edward Dewane GRIMES, Debtor.

Application of Southwest Federal Savings and Loan Association for Clarification of Status of Debt.

Bankruptcy No. 79–11842.

United States Bankruptcy Court, D. Kansas.

Nov. 18, 1980.

Jerry G. Elliott, Wichita, Kan., for Southwest Federal Savings and Loan Association.

Gerald E. Weaver, Wichita, Kan., for debtor.

Christopher J. Redmond, Wichita, Kan., trustee.

John K. Pearson, Asst. U. S. Trustee, Wichita, Kan., pro se.

MEMORANDUM OF DECISION

ROBERT B. MORTON, Bankruptcy Judge.

The instant matter was initiated by Southwest Federal Savings and Loan Association's (Southwest Federal) pleading filed March 24, 1980 denominated Application for Clarification of Status of Debt. Southwest Federal holds a first purchase money mortgage on debtor's residence at 3507 Pecos, Wichita, Kansas, dated August 27, 1964, duly and timely recorded in Sedgwick County, Kansas.[1] The mortgage secures a loan in the original amount of $22,400 made to debtor and his spouse for their purchase of the subject property. Debtor filed his petition for relief herein November 16, 1979 and claimed the property as an exempt homestead at a value of $40,000. No objections to that claim of homestead exemption were filed and it was duly allowed. Debtor scheduled Southwest Federal as a secured creditor in the amount of $8,000 and, consistent with his exemption claim, designated the value of the home at $40,000. As of July 21, 1980, the balance owing on the mortgage note was $8,158.67 and all payments were current.[2] At the discharge hearing held pursuant to 11 U.S.C. § 524 the circumstances were reviewed and it was agreed among all counsel that no fact material to a determination of the Application was in dispute. There is no question but that Grimes is entitled to a normal discharge of the scope and effect provided by § 524.[3] No reaffirmation agreement has been proposed or requested.[4]

By procedural order[5] the court directed that proceedings under the Application be treated as a contested matter under Bankruptcy Rule 914; Southwest Federal, the debtor, the trustee and the Assistant United States Trustee were designated as the parties in interest.

■ The debtor's answer concedes the validity of Southwest Federal's mortgage as an *in rem* lien[6] but denies any personal liability will survive the discharge. Southwest Federal contends the mortgage *debt* and all other respective legal rights and obligations of the parties relating to the homestead property are removed from the court's jurisdiction. The supporting rationale advanced may be thus summarized: Although exempt property is a part of the debtor's estate initially under § 541 of the Bankruptcy Code[7] when, as here, its exempt status is finally determined, not only the property but also the debt for which it stands as collateral passes back outside the estate and beyond the reach of the court's jurisdiction. Therefore, the argument continues, the *debt* remains a valid and enforceable obligation of the debtor and a reaffirmation agreement is redundant and unnecessary. For reasons stated below, the court determines Southwest Federal's position that the unreaffirmed *debt* survives is not tenable.

Section 541 of the Bankruptcy Code, unlike § 70 of the Bankruptcy Act,[8] does not exclude exempt property from the debtor's estate. Thus, all interests of the debtor in property as of the commencement of the case becomes property of the estate under § 541(a), including the debtor's interests in exempt property. 4 *Collier on Bankruptcy* ¶ 541.02(3), at 541–15 (15th Ed. 1980). Southwest Federal cites the following legislative history as indicating the mortgage *debt* passed outside the jurisdiction of this court because it was attached to homestead property exempted from the debtor's estate:

After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. § 522, and the court will have jurisdiction to determine

1. Exh. A, attached to Southwest Federal's Application.

2. Pretrial Order, paragraph 4 "Stipulations".

3. 11 U.S.C. § 524 (1979).

4. Southwest Federal's Application, paragraph 6(c).

5. The Procedural Order is file document 10.

6. Debtor's Answer, paragraph 1.

7. 11 U.S.C. § 541 (1979).

8. 11 U.S.C. § 70 (1976).

what property may be exempted and what remains as property of the estate. H.R.Rep.No. 595, 95th Cong., 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, p. 6324.

Southwest Federal's argument is not consonant with the broad grant of jurisdiction accorded the bankruptcy court by 28 U.S.C. § 1471 (1979). It is there provided:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

Subsection (c) goes on to confer those extensive jurisdictional powers on the bankruptcy court:

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district court.

The legislative history is helpful in identifying the types of actions included within the jurisdictional grant of 28 U.S.C. § 1471:

Examples of matters that the bankruptcy court will be able to hear include *all items listed by the Bankruptcy Commission in its proposed bill*, H.R. 31, 94th Cong., 1st Sess. §§ 2–201(a), 2–201(b) (1975), or the equivalents to those items under title 11 as proposed by H.R. 8200, as well as all items that the bankruptcy courts are now able to hear under Bankruptcy Act 2a (2A). (Emphasis added). H.R.Rep.No. 595, 95th Cong., 1st Sess. 446 (1977), U.S. Code Cong. & Admin.News 1978, p. 6401.

Those sections of the 'Commission Bill' referred to in the above excerpt from H.R. Rep. 595 were the following:

Section 2–201. Jurisdiction of the Bankruptcy Courts.

(a) *Controversies Arising out of a Case.* The jurisdiction of the bankruptcy courts shall extend to the determination of all controversies that arise out of a case commenced under this Act, including, without limitation, the following:

.   .   .   .   .

(2) *controversies involving property set apart to the debtor as exempt*, including the enforceability of claims, whether or not secured, against such property; . . . (Emphasis added) [9]

The apparent spirit and intent of § 1471(b) and (c) of the Code is to grant comprehensive jurisdiction to the bankruptcy court over all controversies affecting the ability of the debtor to achieve a fresh start, including those involving exempt property.

A comparison of jurisdiction over exempt property under the repealed Act of 1898 with that provided by the Code is stated at 1 *Collier on Bankruptcy* ¶ 3.01, at 3–47–48 (15th Ed. 1980) thus:

(2) *Controversies involving exempt property*: The teaching of the cases which have involved exempt property of a bankrupt as administered under the Bankruptcy Act is that such property is not administered. About the most that the bankruptcy courts could do, once the trustee had set the property aside as exempt, was to hold up the bankrupt's discharge to give a creditor secured by such property or who had obtained a waiver of exemption an opportunity to pursue in a nonbankruptcy court whatever rights he might have had to the property. With respect to waivers, the stay was important, since it permitted the creditor to obtain his judgment and execute upon the exempt property before the debt upon which he was suing had been discharged. The secured creditor had no such worry, since the discharge operated only to extinguish his right to a deficiency judgment. Under the 1978 statute, however, *all rights of creditors secured*

---

**9.** See 1 *Collier on Bankruptcy*, ' 3.01, at 3–41–44 (15th Ed., 1980) for a discussion of these provisions which are set out in the 'Commission Bill' which is part of the Report of the Commission on the Bankruptcy Laws of the United States officially transmitted to the Congress July 30, 1973. The provisions cited appear at Appendix 2 *Collier on Bankruptcy* (15th Ed., 1980) [PII–vii] p. 30.

*by*, and those holding waivers with respect to, *the debtor's exempt property will now be determined in the bankruptcy court.* (Emphasis added).

Although property which is initially part of the estate under § 541 may be subsequently exempted by the debtor, nothing in the Bankruptcy Code or legislative history suggests that the bankruptcy court thereby loses jurisdiction of such property. The contrary conclusion is indicated by 28 U.S.C. § 1471(e):

> (e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

*Collier* emphasizes the breadth of the above grant:

> [T]hus section 1471(e) grants to the bankruptcy court the broadest jurisdiction possible over the property of the debtor. When this subsection is added to subsections (a), (b) and (c), it is clear that that court has been granted the most comprehensive jurisdiction over property and controversies surrounding or involving that property. 1 *Collier on Bankruptcy* § 3.01, at 3–56 (15th Ed. 1980).

That exempt property remains under the court's jurisdictional umbrella is reinforced by § 522(c) and (e) of the Bankruptcy Code.[10] The liability of exempt property for certain debts and liens is provided at subsection (c); limitations on the enforceability of waivers of injunctions are specified at subsection (e). *A fortiori,* the bankruptcy court must have jurisdiction over exempt property to enforce the mandates of these provisions.

Consistently, § 362(a)(5)[11] operates to stay any action to enforce liens against exempt property of the debtor to the extent that the liens secure claims that arose before the commencement of the case. A determination of property's exempt status is designed to benefit the debtor, not terminate the bankruptcy court's jurisdiction.

There is yet further convincing statutory support for the conclusion indicated above in that a bankruptcy discharge extinguishes the debtor's personal liability on *all* prepetition debts absent, of course, a valid reaffirmation agreement. Subsection 727(b) of the Code[12] provides:

> [a] discharge under subsection (a) of this section discharges the debtor from *all debts that arose before the date of the order for relief.* (Emphasis added).

Manifestly, the unrestricted language of this section is sufficiently broad to encompass debts secured by exempt property. Moreover, § 524(a),[13] in essence, declares that:

> [a]ny judgment rendered on a discharged debt in any forum other than the bankruptcy court is null and void as it affects the personal liability of the debtor. Second, and perhaps, more importantly, it contains an injunction prohibiting creditors holding discharged debts from (1) commencing any action on such debt; (2) continuing any such action already instituted, and; (3) employing any process to collect such debt, *e. g.,* through the use of garnishment or attachment writs.

Accordingly should a creditor institute suit in a state court postdischarge, and obtain therein a judgment against the debtor, such judgment is rendered null and void by section 524(a). *3 Collier on Bankruptcy* ¶ 524.01(1), at 524–7 (15th Ed. 1980).

■ The *only* manner in which a debtor's personal liability on a prepetition debt can survive a discharge is through an enforceable reaffirmation agreement between the debtor and creditor pursuant to 11 U.S.C. § 524(c) (1979). A careful examination of that subsection discloses no basis for an interpretation that debts secured by exempt real property are excluded from its scope. In full text, § 524(c) provides:

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on

**10.** 11 U.S.C. § 522(c) and (e) (1979).

**11.** Id. § 362(a)(5).

**12.** Id. § 727(b).

**13.** Id. § 524(a).

a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable non-bankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;

(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;

(3) the provisions of subsection (d) of this section have been complied with; and

(4) in a case concerning an individual, to the extent that such debt is a consumer debt *that is not secured by real property* of the debtor, the court approves such agreement as—

(A)(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor; or

(B)(i) entered into in good faith; and

(ii) in settlement of litigation under section 523 of this title, or providing for redemption under section 722 of this title.

11 U.S.C. § 524(c) (1979). (Emphasis added).

In accordance with the clear purport of the statutory language it has recently been held:

> Because a debt based on real estate is a dischargeable debt, the use of such a debt as consideration for a reaffirmation agreement makes that agreement subject to the provisions of § 524(c).
>
> *In Matter of Cecil R. Coots, Carolyn Sue Coots*, 4 B.R. 281, 6 B.C.D. 429 (Bkrtcy.S. D.Ohio 1980)

It is to be noted that under § 524(c)(1), enforceability of any reaffirmation requires the agreement be made before the discharge has been granted. Court approval is a prerequisite only in the instance of a reaffirmed individual consumer debt *not* secured by realty. 11 U.S.C. § 524(d) (1979).

So it is in the instant case: The mortgage debt involved and all attendant rights and obligations of the parties remain subject to the court's jurisdiction and it is declaratively adjudicated that absent an enforceable reaffirmation the grant of a discharge to debtor will extinguish all his personal liability on the mortgage debt.[14] Once again it is emphasized that Southwest Federal's *in rem* lien on the homestead property is not in issue.

The foregoing constitute findings of fact and conclusions of law as required by Bankruptcy Rule 752 and Rule 52(a) Federal Rules of Civil Procedure.

---

**14.** Implicit in this decision is a recognition that the debt in question is *not* a type of liability *excepted* from discharge by 11 U.S.C. § 523 (1979).