### In re Marcia Annette PATTERSON, Debtor.

### Bankruptcy No. 80–01471.

United States Bankruptcy Court,
N. D. Ohio,
Western Division.

March 24, 1981.

Marcia Annette Patterson, pro se.

David L. Honold, Toledo, Ohio, for debtor.

George Gusses, L. Mari Taoka, Toledo, Ohio, for Thorp Discount Inc. of Ohio.

### MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon the Debtor's application for Court approval of a proposed reaffirmation agreement with Thorp Discount Inc. of Ohio. The agreement involves a discharged debt of $14,-203.95 which is secured by real property. Upon consideration thereof, the Court finds that Court approval of the proposed reaffirmation agreement is not required by the Bankruptcy Code.

11 U.S.C. § 524(c) authorizes the enforcement of reaffirmation agreements only if certain conditions are met. This Section provides as follows:

"(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable non-bankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under Section 727, 1141, or 1328 of this title;

(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;

(3) the provisions of subsection (d) of this section have been complied with; and

(4) *in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor*, the court approves such agreement as—" (emphasis added)

Subsections 1, 2, and 3 of § 524(c) set forth the formal requirements for all reaffirmations whether the debt is secured by real or personal property. Subsection 4 deals with Court approval of reaffirmation agreements mandating Court authorization when the debt involved is not secured by real property. The legislative history further indicates the creation of an exception involving debts secured by real property stating: "In addition, to any extent the debt is a consumer debt that is not secured by real property of the debtor reaffirmation is permitted only if the court approves the reaffirmation agreement...;" 124 *Cong. Rec.* H 11,096 (Sept. 28, 1978); S 17,413 (Oct. 6, 1978).

§ 524(d) which requires the Court at the hearing on the reaffirmation to determine whether or not the reaffirmation agreement complies with § 524(c)(4), also excepts from court approval debts which are secured by real property. § 524(d) in pertinent part states:

"(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, 1141, or 1328 of this title, the court shall hold a hearing at which the debtor shall appear in person. At such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of this kind specified in subsection (c) of this section, then at such hearing the court shall—"

"(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(4) of this subsection, *if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.*" (emphasis added)

The above sections of the Code require the Court to make certain findings before approving a reaffirmation agreement. The requirements, however, apply only to dischargeable consumer debts that are not secured by real property. In this instance the debt sought to be reaffirmed is secured by real property. Therefore § 524(c)(4) is not applicable and Court approval is not required.

In accordance with the foregoing; it is therefore,

ORDERED that the Debtor's application for reaffirmation of a dischargeable debt secured by real property be, and it hereby is, denied and dismissed.