**In re Delbert NEWSOME, Bankrupt.**

**PEOPLES BANK OF POUND, Plaintiff,**

v.

**Delbert NEWSOME and James E. Nunley, Trustee, Defendants.**

**Bankruptcy No. 79–00083–B.**

United States Bankruptcy Court, W. D. Virginia, Big Stone Gap Division.

April 25, 1980.

■■■■

Buddy H. Wallen, Wallen, Vanover & Wallen, P. C., Clintwood, Va., for plaintiff.

Donald E. Earls, Norton, Va., for defendant.

James E. Nunley, Bristol, Va., Trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

This matter arises out of the within adversary proceeding which seeks a determination of the dischargeability of the Plaintiff's debt owed by the Defendant. The parties have reached a settlement of their differences, which settlement contemplates the completion and execution of a reaffirmation agreement. The application for reaffirmation has been filed by the creditor.

■ The question presented, simply put, is whether or not a reaffirmation application is exclusively a function and duty within the province of a debtor under 11 U.S.C. § 524(c).[1]

The decision of the Court in this instance involves primarily a determination of the intent of the Congress in its enactment of 11 U.S.C. § 524(c) which is an entirely new provision as it relates to Bankruptcy procedure. The legislative history of the new enactment and the statements of the legislative leaders while calling attention to the fact that § 524(c) is new, also requires a construction of this section with other appropriate sections, such as 524(d) which requires the fixing and holding of a discharge hearing.[2]

The suggested interim rules which have been adopted with some modifications in this district as local rules provides in Rule 4004 the following:

"Within no more than 30 days after the entry of an order granting or denying a discharge and on at least 10 days' notice to the debtor and trustee, if one is appointed, the court shall hold a hearing as provided in § 524(d) of the Bankruptcy Code. *Applications by the debtor for approval of reaffirmation* agreements shall be filed before or at the hearing." (emphasis added)

1. "An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
   (1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;
   (2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;
   (3) the provisions of subsection (d) of this section have been complied with; and
   (4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement as—
   (A)(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
   (ii) in the best interest of the debtor; or
   (B)(i) entered into in good faith; and
   (ii) in settlement of litigation under section 523 of this title, or providing for redemption under section 722 of this title."

2. (d) "In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727,

1141, or 1328 of this title, the court shall hold a hearing at which the debtor shall appear in person. At such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then at such hearing the court shall—
   (1) inform the debtor—
   (A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and
   (B) of the legal effect and consequences of—
   (i) an agreement of the kind specified in subsection (c) of this section; and
   (ii) a default under such an agreement;
   (2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(4) of this subsection, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor."

The foregoing rule, which attempts to make matters of procedure to conform with the provisions and intent of the newly enacted Bankruptcy Code provides that applications for approval of reaffirmations are exclusively within the province; function and duty of the debtor and his counsel. Neither this rule nor the reaffirmation provisions of 11 U.S.C. § 524(c) *supra* provide either specifically or by implication that a creditor may apply to the Court for reaffirmation of a debt in behalf of a debtor.

The reasons for giving this prerogative to the debtor are many-fold. The Congress in drafting Title 11 as an entirely new system of Bankruptcy laws was mindful of present day debtor-creditor relationships including the disproportionate bargaining powers existing between the two. The vigor demonstrated in some instances of creditors' collection efforts, required a provision of safeguards. Some of these provisions are as follows:

The automatic stay provided by 11 U.S.C. § 362 which operates as a stay against all entities prohibiting the commencement or continuation of any process of a judicial, administrative or other proceeding against the Debtor or the enforcement of any lien or obligation against his property. The "entity" is defined in 11 U.S.C. § 101(14) as including any person, estate, trust and in addition, also includes governmental units.

11 U.S.C. § 524(a)(2) provides for the issuance of a discharge which includes an injunction prohibiting the commencement, continuation of any action or the employment of any process, or any act to collect a dischargeable debt as a personal liability of the Debtor. The language set forth in 11 U.S.C. § 524(a)(2) is without limitation and is all-encompassing. It is assumed that the Congress in enacting this section which includes a provision condemning "any act" would forcefully convey the legislative message that creditors must not initiate collection efforts by way of reaffirmations. To do so, would clearly be "an act" looking toward the collection of a discharged debt. This is condemned. It is clearly intended to prohibit what the Congress had found to be unacceptable practices in the past as to persons being harassed and bombarded by threats and demands of irate creditors in their efforts to recover discharged debts.

The most compelling reason in support of Rule 4004 of requiring the application to be made by the debtor for reaffirmation is contained in 11 U.S.C. § 524(c)(4). Pursuant to this section, it is incumbent upon the Court to make certain determinations with reference to reaffirmation applications. Obviously, the legislative intent expressed therein was that the Congress commands the courts to hear, determine and make findings in compliance with the requirements of the section. It is not sufficient that the debtor and creditor have "agreed" upon reaffirmation. Such an agreement is not binding until approved by the Court. Even if the court finds in favor of reaffirmation, the debtor has a "grace period" of thirty days within which to rescind, if during that period the debtor has reflected upon his actions and thereupon realizes he has made an ill-advised bargain despite the fact that the court has approved the same.

11 U.S.C. § 524(c)(4) requires the court to find, when considering applications, with respect to the following: (1) that the reaffirmation has been entered into in good faith; (2) that the dischargeability hearing of 11 U.S.C. § 524(d) has been complied with in all respects; (3) that if a consumer debt, the payment will not impose an undue hardship upon the debtor or a dependent of the debtor; and (4) that it is in the debtor's best interest that the debt be reaffirmed.

The foregoing requires full inquiry of the debtor as to whether or not the proposed reaffirmation meets the criteria laid down by the Statute with respect to the elements contained therein. The proof required is peculiarly within the province of the debtor and the debtor's family. Practically, it would be an inordinate burden for a creditor to attempt to come forward and carry the burden of proof relating to a reaffirmation of the standard required in 11 U.S.C. § 524. The views of a creditor as to what is in the debtor's best interest and would not work a hardship on the debtor and his fami-

ly may be considerably different than the views of the debtor. Therefore, reaffirmation in and of itself contemplates a consensual voluntary effort on the part of the debtor to bring before the Court the facts and circumstances to permit the Court to make findings with respect to the requirements of 11 U.S.C. § 524.

 It would appear that a correct interpretation of the reaffirmation provision of the Code contemplates a nonadversary proceeding in which the Court is charged with the duty of determining what is in the best interest of a debtor. It assumes a similar posture to that of an infant settlement customary in those proceedings. Even though the infant desires to settle, the entire matter requires the scrutiny of the court. It obviously is not intended by the Congress as a reflection upon the judgment of debtors with respect to their entering into reaffirmation agreements. It is a safety valve built into the Code for the benefit of debtors to insure that certain existing practices, found to be undesirable whereby debtors were harassed and threatened into signing reaffirmations, could not take place under the scrutiny of the court. Therefore, the Congress intended that no reaffirmations would become binding or effective unless first subjected to such scrutiny.

Simply put, to permit creditors to make application for reaffirmations would contravene the intent of Congress and permit in many instances the very acts which the Congress sought to condemn. It would be irony, indeed, if creditors could make application for reaffirmations that would contravene the intent of Congress and permit in many instances the very acts which the Congress sought to condemn. It would be irony, indeed, if creditors could make application for reaffirmations which in and of itself could very well be coerced and nonconsensual.

Accordingly, it is the conclusion of the Court that Rule 4004 is a proper rule and carries out the procedural requirements of 11 U.S.C. § 524. It is, therefore

ORDERED

that the application by the creditor be, and the same is hereby denied with leave granted to the debtor to make application in his behalf for reaffirmation pursuant to Rule 4004 if the debtor be so advised.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Bankrupt; Donald E. Earls, Esq., Counsel for the Bankrupt; James E. Nunley, Esq., Trustee; and Buddy H. Wallen, Esq., Counsel for the Plaintiff.