**In the Matter of James B. CLEMENTS and Alice C. Clements, Debtors.**

**Bankruptcy No. 81–01863.**

United States Bankruptcy Court,
N. D. Alabama, S. D.

Feb. 2, 1982.

Robert E. Moorer, Birmingham, Ala., for debtors.

George Young, Birmingham, Ala., for Wood Investment Ins.

M. Charles Sterne, trustee.

Jack Rivers, Birmingham, Ala., U. S. trustee.

## OPINION

STEPHEN B. COLEMAN, Bankruptcy Judge.

### FACTS

This case arises out of the Debtors' reaffirmation of a debt owed to Wood Investment Insurance Company, Inc. This reaffirmation agreement was approved by the Bankruptcy Court after hearing on May 20, 1981, and under the agreement the Debtors were to pay the balance due on a 1977 Chevrolet Malibu. The balance due at that time was $3,520.94. As part of the terms of the reaffirmation agreement, it was agreed that as long as the Debtors continued to make current payments on the obligation they could retain possession of the automobile.

The Debtor, James B. Clements, was employed by Wood Chevrolet Company at the time of reaffirmation. Wood Chevrolet is the parent company of Wood Investment Company, Inc., and the companies have the same stockholders and occupy the same business premises. It appears that the main business of Wood Investment is the financing of vehicles purchased from Wood Chevrolet.

The Debtors' problem began when James B. Clements was terminated from his employment at Wood Chevrolet in June, 1981. This caused him to be unable to make payments on the 1977 Chevrolet Malibu according to the reaffirmation agreement. On June 29, 1981, Mr. Clements signed a statement surrendering his right, title, interest, and possession to Wood Investment. He returned the car to them and they in turn sold the car and notified Mr. Clements on July 2, 1981, that he owed a deficiency of $2,059.84.

The disputed testimony is this: Mr. Clements claims to have made a deal with Charles Daniels, a representative of Wood Investment, whereby surrender of the car by Clements would be in full settlement of any debt owed on the car. This agreement is purported to have been made prior to the June 29 surrender. Mr. Daniels, on the other hand, claims that the agreement was only to the effect that Wood Investment would try to help Mr. Clements out by taking the car back and selling it at the best possible price.

### ISSUE

The question to be resolved is whether or not the Clements can rescind their reaffirmation agreement more than thirty days after reaffirmation but before or during the Discharge Hearing. The attorneys for Wood Investment contend that reaffirmation cannot be rescinded after the passage of thirty days from the confirmation order. The Debtors' attorney contends that despite the Court's approval of reaffirmation, the Debtors may still rescind at the Discharge Hearing, if the Court permits.

In order for a reaffirmation agreement to be enforceable, the provisions of Section

524(c) must be complied with. The first requirement of Section 524(c) is that the agreement must have been made prior to the granting of the discharge. The reaffirmation agreement between Mr. and Mrs. Clements and Wood Investment was executed on April 24, 1981. Since no discharge has yet been granted in this case, Section 524(c)(1) has been met.

Second, the Debtor must not have rescinded the agreement within thirty days after it becomes enforceable. Section 524(c)(2). And third, the provisions of Sections 524(d) must have been complied with.

The answer to when a reaffirmation agreement becomes enforceable is dependent on the meaning and purpose of Subsection (3) of 524(c). This Subsection provides that at the hearing where the Debtor is present, "... the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then at such hearing the court shall..." stated succinctly, advise the Debtor concerning his rights and liabilities in regards to the reaffirmation agreement.

One purpose of 524(d) is, therefore, to give the Debtor a chance to make an informed decision regarding a 524(c) agreement. His decision necessarily comes only "If a discharge has been granted," and consequently, *after* a discharge has been granted. Showing that the Debtors were informed of their rights and liabilities at the time the agreement was 'approved' by the Bankruptcy Court on May 20, 1981, does not militate against the effectiveness of 524(c)(3) and 524(d). The warnings of 524(d) can only be given at a 524(d) hearing. In fact, the May 20 Order specifically states that the approval is "subject to the Order and findings at the Section 524(d) Discharge Hearing."

Wood Investment's argument that the thirty day period commenced on May 20 cannot prevail. Quoting from *In re Miller*, 13 B.R. 697, 7 B.C.D. 1334, 4 C.B.C. 1471 (Bkrtcy., E.D., Penn., 1981),

"... we conclude that it is from the last event which confers 'preliminary' enforceability—here, the discharge colloquy—that the thirty day period begins to run. Whether or not court approval is necessary for 'preliminary' enforceability, we fail to see how the provisions of Section 524(c)(3) can be overlooked. The debtors have reconsidered the agreement and have sought to rescind it within the thirty days beginning with the date of the discharge colloquy."

In conclusion, I find that the reaffirmation agreement between the Debtors and Wood Investment could not have become enforceable until the discharge hearing. To hold otherwise would negate the purpose of the warnings to be given by the Court at the 524(d) discharge hearing. There would be no need to inform the Debtors of their rights if these rights stood immutable. The Debtors had thirty days from their 524(d) hearing on October 14, 1981, to rescind their agreement with Wood Investment. Inasmuch as they met this deadline by filing a Motion To Set Aside The Reaffirmation Agreement on October 26, 1981, I find that the Debtors have effectively rescinded their agreement. An appropriate Order will follow.