**In re Joseph Michael LONG, Mary Elizabeth Long, Debtors.**

**Bankruptcy No. 181–00131.**

United States Bankruptcy Court, D. Maine.

July 12, 1982.

Bruce R. Livingston, Lipman, Parks, Livingston, Lipman & Katz, P. A., Augusta, Me., for debtors.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Debtors filed, on May 1, 1981, a joint petition for relief under Chapter 7 of the Bankruptcy Code. On October 6, 1981, the Trustee abandoned the debtors' residence. The debtors received their discharge on August 27, 1981.

Bangor Savings Bank and Jennie L. Nordberg each hold valid mortgage deeds to the debtors' residence. On January 5, 1982, debtors filed motions for approval of reaffirmation agreements between the debtors and the mortgagees, or, in the alternative, to vacate their discharge. A hearing was held at which no party opposed debtors' motions.

Under the repealed Bankruptcy Act, there was no prohibition against reaffirming discharged debts. In its evaluation of the Bankruptcy Act, the Commission on the Bankruptcy Laws of the United States concluded:

> Substantial evidence of the use of reaffirmations to nullify discharges has come to the Commission's attention. To the extent reaffirmations are enforceable, the "fresh start" goal of the discharge provisions is frustrated. Reaffirmations are often obtained by improper methods or result from the desire of the discharged debtor to obtain additional credit or continue to own property securing a discharged debt. The Commission has recommended that the reaffirmation of a secured debt be enforceable but only to the extent of the fair market value of the property at the date of the petition. The Commission also recommends that a discharge extinguish all nonexcepted debts, reaffirmations be made unenforceable, and as under the present law, a judgment for a discharged debt be null and void.

Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc.No. 95–137, 93d Cong., 1st Sess., part I at 177 (1973) (footnotes omitted). To prevent the

perceived abuses of reaffirmation agreements, Congress enacted 11 U.S.C. § 524(c) and (d).[1]

■ Section 524 provides that if the debtor desires to reaffirm a debt, then at the discharge hearing the court shall fully inform him of his rights and obligations regarding reaffirmation agreements. If the debt is a consumer debt not secured by real property, the court must approve the reaffirmation. In all cases, after being informed of the legal effect and consequences of the agreement, the debtor has 30 days during which he may rescind the agree-

ment. See In re Clements, 18 B.R. 435, 436, 8 B.C.D. 993, 994 (Bkrtcy.N.D.Ala.1982). Clearly, Congress contemplated that a well-informed debtor, given time for deliberate consideration, was the primary defense against pre-code abuses. Because reaffirmation of consumer debts not secured by real property presents greater opportunity for creditor abuse,[2] the additional protection of requiring court approval was provided. Neither of these protections would be afforded a debtor who reaffirms a debt *after* discharge. Even assuming the court explained reaffirmation agreements to the debtor at his discharge hearing,[3] the debtor

---

1. 11 U.S.C. § 524(c) and (d) provide:
§ 524. Effect of discharge.
(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;
(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;
(3) the provisions of subsection (d) of this section have been complied with; and
(4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement as—
(A)(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
(ii) in the best interest of the debtor; or
(B)(i) entered into in good faith; and
(ii) in settlement of litigation under section 523 of this title, or providing for redemption under section 722 of this title.
(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, 1141, or 1328 of this title, the court shall hold a hearing at which the debtor shall appear in person. At such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been · granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then at such hearing the court shall—
(1) inform the debtor—
(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance

with the provisions of subsection (c) of this section; and
(B) of the legal effect and consequence of—
(i) an agreement of the kind specified in subsection (c) of this section; and
(ii) a default under such an agreement;
(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(4) of this subsection, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.

2. This problem was also recognized and dealt with in section 722.
Another problem in connection with security interests in consumer goods is solved by the provision in the bill of a power of redemption in the debtor. In consumer cases, very often a secured creditor with a security interest in all of the debtor's property, including household and personal goods, uses the threat of foreclosure to obtain a reaffirmation of a debt. Otherwise, the secured creditor is able to deprive a debtor of even the most insignificant household effects including furniture, cooking utensils, and clothing, even though the items have little if any realizable market value. However, the goods do have a high replacement cost, and thus the creditor is able to use the threat of repossession, rarely carried out, to extract more than he would be able to if he did foreclose or repossess.
H.R.Rep.No.595, 95th Cong., 1st Sess. 127 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, 6088.

3. If the debtor did not desire to make any reaffirmation agreements before discharge, the court was under no obligation to explain such agreements. 11 U.S.C. § 524(d). Even if the Court did so instruct the debtor, he should not be expected to perfectly recall a relatively complex explanation.

would not receive the court's guidance at a time when he had that particular reaffirmation agreement in mind. Nor would the debtor receive the additional protection, where appropriate, of court review of his reaffirmation agreement. It follows, then, that section 524(c)(1) provides that reaffirmation agreements made after discharge are not enforceable.[4]

■ Thus, in this case the debtors can make enforceable reaffirmation agreements with the mortgagees only if the court revokes or vacates the August 27 discharge. Section 727(d) of the Code provides for revocation of a discharge upon request of the trustee or a creditor where specified acts of fraud or misconduct by the debtor are shown. At least one court has held that pursuant to § 727(d) a debtor cannot request revocation of his own discharge, and revocation cannot be granted to permit reaffirmation of debt. *In re McQuality*, 5 B.R. 302, 6 B.C.D. 766, 2 C.B.C.2d 723 (Bkrtcy.S.D.Ohio 1980). The scope of § 727(d) need not be decided, however, because the court has the power to vacate its discharge order.

A bankruptcy court has the powers of a court of equity. 28 U.S.C. § 1481. An equity court's power to vacate an order is inherent in its jurisdiction and explicitly defined in Fed.R.Civ.P. 60.[5] *In re Burley*, 11 B.R. 369, 373, 4 C.B.C.2d 652, 656 (Bkrtcy.C.D.Cal.1980). Fed.R.Civ.P. 60(b) provides for relief from a final judgment, order, or proceeding for "any . . . reason justifying relief from the operation of the judgment." The Supreme Court has liberally construed that provision:

> Furthermore 60(b) strongly indicates on its face that courts no longer are to be hemmed in by the uncertain boundaries of . . . common law remedial tools. In simple English, the language of the "other reason" clause, for all reasons except the five particularly specified [in Rule 60(b)], vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.

*Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1948).

Here, no party objects to debtors' motions, and debtors' counsel has represented that both mortgagees are willing to permit reaffirmation. The reaffirmation agreements pertain to the debtors' residence, and therefore, are of the utmost importance in securing the "fresh start" contemplated by the Bankruptcy Code. The court has examined the proposed agreements, and finds they impose no undue hardship and are in the best interests of the debtors.[6] The protections afforded the debtors by section 524 will not be lost by vacating the discharge because, after reaffirming, the debtors will be required to attend another discharge hearing at which the court will explain to them their rights and obligations, and after which they will have 30 days to rescind the agreements.

The court shall issue an order vacating the debtors' discharge. *See In re Solomon*, 15 B.R. 105, 5 C.B.C.2d 613, 614 (Bkrtcy.E.D.Pa.1981). This court, however, does not intend to routinely grant such orders. Counsels' attention is directed to Local Rule 4002, providing for deferral of the entry of an order granting discharge upon request. That rule is intended in part to provide additional time for execution of reaffirmation agreements. Judicious use of that rule by debtors' counsel largely should obviate the need for future motions to vacate a discharge.

---

4. *See In re Grimes*, 6 B.R. 943, 947, 7 B.C.D. 576, 579, 3 C.B.C.2d 332, 338 (Bkrtcy.D.Kan. 1980); *In re Coots*, 4 B.R. 281, 283, 6 B.C.D. 429, 430, 2 C.B.C.2d 233, 236 (Bkrtcy.S.D.Ohio 1980).

5. Fed.R.Civ.P. 60 applies in bankruptcy cases. Bankruptcy Rule 924.

6. This court examines these agreements only for the purpose of determining whether vacating the discharge would be appropriate to accomplish justice. The court expresses no opinion as to whether court approval of agreements made before discharge to reaffirm consumer debts secured by real estate is either necessary or appropriate.