**In re Paul TOMLIN, Debtor.**

**Bankruptcy No. 82–00013.**

United States Bankruptcy Court, M. D. Alabama.

Sept. 2, 1982.

George Cameron, Cameron & Cameron, Montgomery, Ala., for debtor.

A. Pope Gordon, Montgomery, Ala., for objecting creditors.

### ORDER

LEON J. HOPPER, Bankruptcy Judge.

The debtor, having failed to gain the necessary acceptances for confirmation of

3 Collier on Bankruptcy ¶ 502.01 (15th Edition) 502–19.

4. Res ipsa loquitur is not available to Toplis on the present facts.

his plan under Section 1129(a)(8) of the Bankruptcy Code, has applied to the court for confirmation under Section 1129(b). An objection to confirmation has been filed on behalf of creditors Stotler and Company, Anderson's Peanuts, Luverne Cooperative Services, Inc., and James W. Thomas. The objection was heard at the confirmation hearing on August 11, 1982, and there were present attorneys George W. Cameron, for the debtor, and A. Pope Gordon, for the objecting creditors.

The plan provides for full payment of secured claims substantially as contracted leaving the remaining two classes of unsecured claims as the impaired classes. Class eight consists of unsecured claims identified as trade creditors and the plan proposes to pay this class 6 percent of their claims over a six year period. This class did not accept the plan and three of the objecting creditors here are in class eight.

Section 1129(b)(2)(B) requires that, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan—

"(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain on account of such junior claim or interest any *property.*" (Emphasis supplied.)

The above constitutes the fair and equitable test which must be met as a condition to confirmation under Section 1129(b). While several grounds of objection are interposed by creditors, the court will consider first the application of the fair and equitable rule.

In the present case, these dissenting unsecured creditors will be paid only 6 percent of their claims over a six year period and there is no question as to their impairment. The debtor under the plan will retain his ownership interests in both real and personal property of the estate and, if the plan is successfully consummated, he will ultimately own such property free and clear by reason of having paid the mortgage liens thereon.

Ownership interests are junior to all creditors' claims including unsecured claims. *In re Landau Boat Company,* 18 B.R. 436, 4 C.B.C.2d 207 (1981). Also see *In re Alison Corporation,* 19 B.R. 827, 4 C.B.C.2d 199 (1981). Thus, the plan in the present case does not meet the requirements of Section 1129(b)(2)(B)(ii) and cannot be confirmed under the so-called cram-down provisions of 1129(b) for the reason that it does not meet this fair and equitable test.

It is not necessary to the decision in this case and the court will not discuss or decide the remaining issues raised by the objection, but it appears doubtful whether the plan meets the good faith provision of Section 1129(a)(3) or the nondiscriminatory provision of Section 1129(b)(1).

It is ORDERED that confirmation of the plan be and it is hereby denied and the debtor is given 10 days from this date to file a modified plan.