In re Rhinehardt L. KNUTSON, Arlys Knutson, Debtors.

**Bankruptcy No. EF11–82–01738.**

United States Bankruptcy Court, W.D. Wisconsin.

June 11, 1984.

Brent D. Skinner, Menomonie, Wis., for debtors.

Peter F. Herrell, Jordan, Herrell & Thiel, Eau Claire, Wis., for creditors Lentz Farms Inc. and Larry Lentz.

Steven R. Cray, Wiley, Rasmus, Colbert, Frasch & Norseng, S.C., Chippewa Falls, Wis., for creditor Federal Land Bank.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT DENYING CONFIRMATION OF PROPOSED PLAN OF REORGANIZATION

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Debtors Rhinehardt L. and Arlys Knutson, by Attorney Brent D. Skinner, having filed an Amended Plan of Reorganization (dated April 11, 1984); and Creditors Lentz Farms Inc., and Larry Lentz, by Attorney Peter F. Herrell of Jordan, Herrell & Thiel, having filed an Objection to said plan; and a confirmation hearing having been held; and, *inter alia*, the Debtors appearing in person and by counsel, and Creditors Lentz Farms, Inc., and Larry Lentz appearing by Larry Lentz and by counsel, and the Federal Land Bank appearing by Attorney Steven R. Cray of Wiley, Rasmus, Colbert, Frasch & Norseng, S.C.; the Court, having heard the arguments of counsel and considered all the record and proceedings herein, FINDS THAT:

1. Debtors' April 11, 1984, Amended Plan of Reorganization provides, in pertinent part:

### ARTICLE I

#### Classification of Creditors

. . . . .

Class 9. All nonpriority unsecured claims, including the balance of the secured creditors' claims which exceed the value of their collateral.

### ARTICLE III

#### Treatment of Impaired Classes

. . . . .

Class 9: All class 9 claims shall be discharged with no payment to be made thereon.

### ARTICLE IV

#### Execution and Implementation of the Plan

1. Debtors shall retain all of the property of the estate, and the funds necessary for the satisfaction of creditors' claims shall be generated from the operation of the dairy farm.

. . . . .

2. Section 1129 of the Bankruptcy Code provides, in pertinent part:

. . . . .

(a) The court shall confirm a plan only if all of the following requirements are met:

. . . . .

(8) With respect to each class—
(A) such class has accepted the plan; or

(B) such class is not impaired under the plan.

.    .    .    .    .

(b)(1) ... the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of ... paragraph [ (8) ] if the plan ... is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

(2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

.    .    .    .    .

(B) With respect to a class of unsecured claims—

.    .    .    .    .

(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain on account of such junior claim or interest any property.

3.   The Debtors' unsecured creditors are impaired under the plan, 11 U.S.C. sec. 1124, and have not accepted the plan, 11 U.S.C. sec. 1126(g).

4.   "Ownership interests are junior to all creditors' claims including unsecured claims." *In re Tomlin*, 22 B.R. 876, 877 (Bankr.M.D.Ala.1982) (citations omitted); *cf.* 11 U.S.C. sec. 726(a) (Chapter 7 estate distribution scheme).

5.   The proposed plan calls for the Debtors to retain property on account of their junior interest with no payment to the impaired, unsecured senior claimants.

## CONCLUSIONS OF LAW

1.   The proposed plan does not meet the requirements of 11 U.S.C. sec. 1129(a)(8).

2.   The proposed plan is not "fair and equitable" within the meaning of 11 U.S.C. sec. 1129(b) and can not be confirmed under the cramdown provisions of that subsection.

## ORDER

IT IS ORDERED THAT the application for confirmation of the Debtors' April 11, 1984, Amended Plan of Reorganization be, and the same hereby is, DENIED.