### In the Matter of Robert A. HELLER, Debtor.

### 801 CREDIT UNION, Movant,

### v.

### Robert A. HELLER, Respondent.

### Bankruptcy No. 3–90–04148.

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 25, 1991.

Stephen D. Miles, Dayton, Ohio, for 801 Credit Union, movant.

Richard P. Arthur, Kettering, Ohio, for debtor, respondent.

## DECISION ON ORDER DENYING MOTION FOR ADDITIONAL TIME

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order Of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), in which a creditor, 801 Credit Union, by and through its counsel has filed a request for additional time in which to file a reaffirmation agreement.

On September 25, 1990, the court issued its standard Order For Meeting Of Creditors, Combined With Notice Thereof And Of Automatic Stay (Doc. 4) which provided in part,

5. All reaffirmation agreements and all motions to redeem shall be filed not later than the date set for the reaffirmation hearing. If a reaffirmation agreement is filed the debtor is required to attend a reaffirmation hearing on January 2, 1991, 1:30 p.m., Courtroom 810 Federal Building, Dayton, OH.

1. *See* Bankr.R. 4004(c) "on motion of the debtor, ..." and Bankr.R. 4008 "A motion by the debtor...." The court also notes that the Mo-

The court begins by noting that the Motion For Additional Time (Doc. 15) which was filed January 17, 1991, was not filed prior to January 2, 1991 the deadline for filing reaffirmation agreements. In addition, the Motion For Additional Time does not contain any statement that this late filing was due to excusable neglect. Finally, and perhaps most significantly, the motion was filed by a creditor and not by the debtor in this case.[1]

Although reported decisions discussing reaffirmation agreements frequently address the subject in connection with a motion to vacate a discharge order in order to place a reaffirmation agreement on record, the principles discussed in these decisions also provide guidance in analyzing a motion seeking additional time to file a reaffirmation agreement. As the court noted in *In re Eccleston*, 70 B.R. 210, 213 (Bankr.N.D. N.Y.1986):

To begin, assuming the present motion for consideration of the reaffirmation agreement had been timely made prior to Debtor's discharge, such would have to have been made by the Debtor himself. Neither Code § 524(c), nor Fed.R. Bankr.P. 4004 provide for or imply that a creditor may apply to the Court for reaffirmation of the debt. As noted by Bankruptcy Judge Pearson:

Simply put, to permit creditors to make application for reaffirmations would contravene the intent of Congress and permit in many instances the very acts which the Congress sought to condemn. It would be irony, indeed, if creditors could make application for reaffirmations which in and of itself could very well be coerced and nonconsensual.

*Peoples Bank of Pound v. Newsome (In re Newsome)*, 3 B.R. 626, 629 (Bankr.W. D.Va.1980). The Bank has not explained why disregard of this fundamental public policy is any more appropriate at this juncture than it would have been prior to Debtor's discharge.

*Accord In re Burgett*, 95 B.R. 524, 525 (Bankr.S.D.Ohio 1988).

tion For Additional Time was not accompanied by any executed reaffirmation agreement, to the extent that such an executed document exists.

As this court has previously observed in connection with a debtor's statement of intention pursuant to 11 U.S.C. § 521(2), which is the customary predicate to a reaffirmation agreement,

> The provisions of Title 11 do not mandate a single specific time and occasion at which the various parties must meet to attempt to reach a resolution of their respective concerns in connection with § 521(2); however, the meeting of creditors pursuant to § 341(a), which is specifically mentioned in § 521(2), is the logical locus for the initial resolution of these issues. The trustee conducts the meeting at which the debtor must appear to be examined, under oath, by the trustee and any creditor. 11 U.S.C. § 343.
>
> If the parties and their counsel fail to utilize the opportunities afforded them at the time of the § 341(a) meeting, they may find their requests for relief otherwise potentially available to them under various provisions of Title 11 more difficult to obtain. (Citation omitted)

*Matter of Bayless*, 78 B.R. 506, 511 (Bankr. S.D.Ohio 1987).

The court also notes that the record in this case fails to contain a proceeding memo evidencing the debtor's attendance at the reaffirmation agreement scheduled pursuant to the court's prior order (Doc. 4).

▮ While this court is cognizant of its obligation as a court of equity and its broad discretion to accord relief consistent with the concepts embodied in the Bankruptcy Code and Rules, a creditor's motion for additional time in which to file a reaffirmation agreement does not present a request this court will grant.[2]

Accordingly, the creditor's Motion For Additional Time (Doc. 15) is DENIED.

SO ORDERED.

---

[2] The court also notes that the Bankruptcy Code does not prevent a debtor from voluntarily repaying any debt (11 U.S.C. § 524); nor, would the Bankruptcy Code prevent this debtor and this creditor from entering into a new agreement that would be enforceable under applicable nonbankruptcy law.