**In re Ronald C. MARKOVICH, Debtor.**

**Ronald C. MARKOVICH, Appellant,**

v.

**Richard J. SAMSON, Chapter 7 Trustee; Clarence William Roper, real party in interest, Appellees.**

**BAP No. MT–95–2298–RyJR.
Bankruptcy No. 95–50151–7.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted Jan. 22, 1997.

Decided March 28, 1997.

---

Gregory E. Paskell, Kalispell, MT, for Ronald C. Markovich.

Don Torgenrud, St. Ignatius, MT, for Clarence Roper.

Before: RYAN, JONES, and RUSSELL, Bankruptcy Judges.

## OPINION

RYAN, Bankruptcy Judge:

Ronald C. Markovich ("Debtor") obtained a discharge in his chapter 7 case. Later, Clarence W. Roper ("Roper") obtained a nondischargeability judgment against Debtor. In response, Debtor moved the bankruptcy court to vacate his discharge under Bankruptcy Code (the "Code")[1] § 727(d) and to convert his case to chapter 13. The bankruptcy court held that Debtor lacked standing to vacate his discharge under § 727(d) and denied Debtor's motion. Debtor appealed. We **AFFIRM.**

## I. FACTS

On January 26, 1995, Debtor filed a chapter 7 petition. On May 5, 1995, Roper filed a complaint (the "Complaint") to determine the dischargeability of a debt. On May 30, 1995, Debtor received his chapter 7 discharge. On October 3, 1995, after a trial on the Complaint, the bankruptcy court held the debt nondischargeable under Code § 523(a)(2)(A) in the amount of $28,793.67 (the "Judgment").

On October 9, 1995, Debtor filed a motion (the "Motion") to vacate the discharge order and convert Debtor's case to a chapter 13. The Motion referred to the Judgment and indicated that Debtor had no choice but to convert his case to chapter 13.[2] No additional reasons or legal authorities were offered in support of the Motion. Roper filed an objec-

tion to the Motion indicating that a chapter 13 plan cannot be confirmed unless it is proposed in "good faith" and accusing Debtor of manipulating the bankruptcy system.

At the hearing on the Motion on November 8, 1995, the bankruptcy judge asked Debtor's counsel for legal authority for the request to have the bankruptcy court vacate the discharge order. The bankruptcy court ultimately stated that "[t]here is no authority to set aside the discharge. There is no showing of cause to set aside the discharge." Transcript of Nov. 8, 1995 Hearing at 4–5:25–1. Debtor's counsel repeatedly insisted that the bankruptcy court had the authority to vacate the discharge order. The bankruptcy court issued its order denying the Motion on November 17, 1995. In the order, the court held that Debtor did not have standing under § 727(d) to seek revocation of the discharge order. The court also indicated that even if Debtor had standing, Debtor had not shown good cause to revoke the discharge.

Also on November 17, 1995, Debtor filed a motion to extend the time within which to file a notice of appeal. The bankruptcy court granted Debtor's motion and extended Debtor's time to file a notice of appeal to December 5, 1995. On December 5, 1995, Debtor filed his notice of appeal.[3]

## II. ISSUES

1. Did the bankruptcy court err in holding that Debtor did not have standing under § 727(d) to seek the revocation of his discharge?

2. Did the bankruptcy court err in not revoking Debtor's discharge on equitable grounds?

---

**1.** The Code is set forth in 11 U.S.C. §§ 101–1330 (1994).

**2.** The soundness of this argument is questionable since nothing was to be gained by moving to vacate the discharge in Debtor's chapter 7 case. The nondischargeable claim could be discharged in either a converted chapter 13 or a new chapter 13 case filed by Debtor. *Compare* 11 U.S.C. § 727(a)(8) (1994) *with* 11 U.S.C. § 1328 (1994). *See also Downey Savings and Loan Ass'n v. Metz (In re Metz),* 67 B.R. 462, 465 (9th Cir. BAP

1986) (discussing the advantages of "chapter 20" cases); *Packerland Packing Co. v. Griffith Brokerage Co. (In re Kemble),* 776 F.2d 802, 803–04 n. 1 (9th Cir.1985).

**3.** On January 19, 1996, the bankruptcy court issued an order *nunc pro tunc* that corrected an introductory error in the court's November 17, 1995 order. The court also formally denied Debtor's request to convert his case to chapter 13.

### III. STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and the court's conclusions of law *de novo.* *Neben & Starrett v. Chartwell Fin. Corp. (In re Park-Helena Corp.),* 63 F.3d 877, 880 (9th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996) (citing *Sousa v. Miguel (In re United States Trustee),* 32 F.3d 1370, 1372 (9th Cir.1994)). Debtor's standing to seek revocation of his discharge under § 727(d) and the bankruptcy court's refusal to apply equity principles to revoke Debtor's discharge are questions of law which we review *de novo.* *See Bowman v. Belt Valley Bank (In re Bowman),* 173 B.R. 922, 924–25 (9th Cir. BAP 1994); *Ross v. Mitchell (In re Dietz),* 914 F.2d 161, 163 (9th Cir.1990).

### IV. DISCUSSION

Debtor raises two issues on appeal. First, Debtor contends that he had standing to ask the bankruptcy court to vacate his discharge under § 727(d). Second, Debtor argues that after applying equitable principles, the bankruptcy court should have vacated his discharge order.

### A. Debtor Does Not Have Standing to Vacate his Chapter 7 Discharge under § 727(d).

Debtor argues that he has standing under § 727(d) to bring a motion to have the bankruptcy court vacate his chapter 7 discharge order. Section 727(d) allows a trustee, a creditor, or the United States Trustee to ask the court to revoke a discharge. In order to obtain a revocation of a discharge, the complaining party must satisfy the conditions set out in § 727(d).[4] *In re Eccleston,* 70 B.R. 210, 212 (Bankr.N.D.N.Y.1986) (interpreting § 727(d) prior to the 1986 amendments that added the U.S. Trustee as a party

who may bring a revocation of discharge motion); *In re Long,* 22 B.R. 152, 154 (Bankr.D.Me.1982).

Section 727(d) does not authorize a debtor to bring a motion to revoke a discharge. *Eccleston,* 70 B.R. at 212 ("The unequivocal language of the section limits its applicability to trustees and creditors; a debtor may not seek revocation of his discharge under Code § 727(d).").

Most bankruptcy courts have held that a debtor does not have standing to bring a § 727(d) proceeding. *In re Wyciskalla,* 156 B.R. 579, 580 (Bankr.S.D.Ill.1993) ("The Bankruptcy Code contains no provision that would allow the Court to revoke the debtor's discharge at his behest."); *In re Fischer,* 72 B.R. 111, 114 (Bankr.D.Minn.1987) ("The plain wording of the statute grants standing to request revocation of discharge only to the Chapter 7 Trustee, a creditor, or the United States Trustee. A debtor has no authority under the Code to request revocation of discharge on his own motion."); *Matter of Calabretta,* 68 B.R. 861, 863 (Bankr.D.Conn.1987) ("There is no basis in either § 727(a)(10) or § 727(d) for inferring a statutory right by the debtor to seek a revocation of a discharge once granted by the court."); *In re Gruber,* 22 B.R. 768, 769 (Bankr.N.D.Ohio 1982) ("There is no provision in § 727(d) or elsewhere in the Bankruptcy Code, to this Court's knowledge, for setting aside a discharge on request of a debtor. . . . "). One case has even held that a bankruptcy judge may not, *sua sponte,* revoke a discharge because such an act "violates the letter and spirit of the Bankruptcy Code. . . ." *McIlroy Bank & Trust v. Couch (In re Couch),* 43 B.R. 56, 58 (Bankr.E.D.Ark.1984).

A leading treatise on bankruptcy lends further support to this interpretation of § 727(d).

---

4. Section 727(d) states, in relevant part:
   On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
   (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

   (2) the debtor acquired property that is property of the estate . . . and knowingly and fraudulently failed to report . . . such property . . . to the trustee; or
   (3) the debtor committed an act specified in subsection (a)(6) of this section.
   11 U.S.C. § 727(d) (1994).

Section 727(d) requires the court to revoke a discharge granted under section 727(a) on request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing if the grounds for revocation listed in the section exist. **The debtor does not have standing to seek revocation of a discharge.**

4 *Collier on Bankruptcy*, ¶ 727.15[1][b] at 727–109 (15th ed.1996) (footnotes omitted) (emphasis added). The language of § 727(d) clearly restricts its use to the persons named therein.

■ As the bankruptcy court held, when resolving a dispute over the meaning of a statute, the analysis begins with the language of the statute. Where the statutory language is plain, the inquiry ends and the sole function of the court is to enforce the statute according to its terms. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). In *Ron Pair*, the Supreme Court stated that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Id.* at 242, 109 S.Ct. at 1031 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Our holding does not contravene the intent of the framers of the Code, does not conflict with any other section of the Code, and is not contrary to § 727(d)'s legislative history.[5] In short, there is no reason not to interpret § 727(d) consistent with its "plain meaning." The bankruptcy court was correct in enforcing § 727(d) according to its terms. Debtor did not have standing under § 727(d) to seek the revocation of his discharge.

B. The Bankruptcy Court Did Not Err in Refusing to Revoke Debtor's Discharge on General Equity Principles.

■ Debtor argues that two cases support the principle that the bankruptcy court has the equitable power to revoke a discharge when requested by a debtor. *See In re Jones*, 111 B.R. 674, 675 (Bankr.E.D.Tenn. 1990); *In re Tuan Tan Dinh*, 90 B.R. 743, 745 (Bankr.E.D.Pa.1988). In *Jones*, the bankruptcy court referred to an earlier decision, *In re Caldwell*, 67 B.R. 296, 300 (Bankr. E.D.Tenn.1986), where the court held that a debtor could convert his chapter 7 case to a case under chapter 13 and revoke his discharge when the discharge was meaningless. *Jones*, 111 B.R. at 676.

In *Caldwell*, the court viewed the discharge as "meaningless," because the debtor's only unsecured debts had been held nondischargeable. *Caldwell*, 67 B.R. at 301. Additionally, the court saw no harm to any creditor by granting the debtor's motion to revoke the discharge. *Id.* At no point in its decision did the *Caldwell* court discuss the implications of § 727(d).

The *Jones* court, however, distinguished its situation from *Caldwell*, finding that a reaffirmation creditor and other unsecured creditors would be harmed if the discharge were revoked. The court also recognized that "the Bankruptcy Code provides for revocation of discharges granted under chapter 7 only in accordance with Code § 727(d) and (e)." *Jones*, 111 B.R. at 679. Despite § 727(d), the court was willing to weigh equitable considerations. *Id.* The court discussed the *Tuan Tan Dinh* decision and concluded that, under the circumstances, a chapter 7 discharge may be revoked upon the motion of a debtor filed pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e) and/or 60(b), as incorporated into Federal Rules of Bankruptcy Procedure ("FRBP") 9023 and 9024. *Id.* at 680.[6] After weighing the factors, the court denied the debtor's request to vacate the discharge.

In *Tuan Tan Dinh*, the debtor sought to vacate his discharge when he learned that his educational loan was not dischargeable. The debtor cited two cases where the courts va-

---

**5.** *See* H.R.Rep. No. 95–595, at 385 (1977); S.Rep. No. 95–989, at 99 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5885.

**6.** The circumstances listed were: (1) when no creditor objects and all appear to concur in the order vacating the discharge; (2) where the factors of relative prejudice between the other interested parties and lack of culpability of the debtor weigh strongly in favor of the debtor. *Jones*, 111 B.R. at 680.

cated discharges to allow for the approval of post-discharge reaffirmation agreements. *See Long*, 22 B.R. at 152; *In re Solomon*, 15 B.R. 105, 106 (Bankr.E.D.Pa.1981). The debtor also argued that FRCP 59(e) and 60(b) allow for reconsideration of any order, including a discharge order. *Tuan Tan Dinh*, 90 B.R. at 744–45. The court stated that "the finality of a discharge order must be accorded special consideration. In that sense, it is like a confirmation order in a Chapter 11, 12, or 13 case, which will not be vacated for even the clearest of equitable grounds." *Id.* at 745 (citations omitted).

The *Tuan Tan Dinh* court then determined that the equitable considerations for vacating default judgments in the context of a FRCP 59(e) or 60(b) motion were applicable. *Id.* at 744–45. The court held that when prejudice to the parties and the debtor's lack of culpability in allowing the order to be entered tip sharply in favor of the debtor, the bankruptcy court has the power to vacate a discharge order. *Id.* at 746. Weighing these considerations, the court denied the debtor's request. *Id.* at 747.

In its November 17, 1995 order, the bankruptcy court considered the *Jones* and *Tuan Tan Dinh* cases and decided not to follow the minority view as expressed in these cases, because the United States Supreme Court in *Ron Pair* instructed the lower courts to enforce the plain language of a statute. Additionally, the bankruptcy court determined that it must exercise its equitable powers within the confines of the Code. *See* Order of Nov. 17, 1995 at 2 ("There are two cases which hold that some equitable consideration may allow a court to set aside a discharge order when the order is entered in error. . . . I doubt the wisdom of the minority rule in light of the admonition of the United States Supreme Court in *United States v. Ron Pair Enterprises, Inc . . . . . .* "). Furthermore, even assuming Debtor had standing, the bankruptcy court held that Debtor did not present sufficient grounds to revoke the discharge.

We agree with the bankruptcy court that it did not have the inherent equitable power to revoke a discharge outside the framework of § 727(d). The equity powers of the bankruptcy court cannot be used to

override specific statutory provisions in the Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988) ("The short answer to these arguments is that whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."); *Geothermal Resources International, Inc. v. Lumsden*, 93 F.3d 648, 651 (9th Cir.1996) ("While '[a]s a court of equity, [the bankruptcy court] may look through form to the substance of a transaction and devise new remedies,' *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986), the court cannot, in the name of its equitable powers, ignore specific statutory mandates."). Clearly, the bankruptcy court was not empowered to circumscribe the specific statutory requirements of § 727(d).

### V. CONCLUSION

The bankruptcy court did not err in holding that Debtor did not have standing under § 727(d) to seek revocation of his discharge or in refusing to grant standing to Debtor under its inherent equitable powers. Accordingly, we **AFFIRM** the bankruptcy court's denial of Debtor's request to revoke his discharge.