**In re Efrain GOMEZ and Aurora Gomez, Debtors.**

**No. 6:08–bk–00040–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 8, 2011.

Ann W. Rogers, Ormond Beach, FL, for Debtors.

### *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion to Reopen Chapter 7 Case, Vacate Discharge, and Entry of Dismissal (Doc. No. 28) ("Motion to Reopen") filed by the joint Debtor Aurora Gomez ("Aurora"). A hearing was held on January 24, 2011 at which Aurora and her counsel appeared. Aurora filed a post-hearing brief pursuant to the Court's directive (Doc. No. 34). The Motion to Reopen is due to be denied for the reasons set forth herein.

### *Event Chronology*

Aurora and her husband Efrain Gomez ("Efrain") filed the above-captioned joint Chapter 7 case on January 4, 2008. They own two parcels of real property: (i) Tilly Bird Road, a/k/a Tilly Byrd Road, Seville, Florida 32190–7948, which is encumbered by a first-priority mortgage held by Litton and a second-priority mortgage held by Bank of America; and (ii) 2650 North Woodland Boulevard, Deland, Florida 32720 which is encumbered by a first-priority mortgage held by OneWest.

The Chapter 7 case was declared a no asset case by the Chapter 7 Trustee. Aurora and her husband received a discharge pursuant to 11 U.S.C. Section 727(a) on April 25, 2008 and the case was closed on April 25, 2008.

Aurora filed an individual Chapter 13 case on September 15, 2009 captioned *In re Aurora Gomez,* Case No. 6:09–bk–13656–ABB. Aurora, in her Chapter 13 case, has sought to: (i) recharacterize the Tilly Byrd Property from homestead to non-homestead property; (ii) cramdown Litton's claim and pay Litton $0.00 on the unsecured portion of its claim; (iii) strip off Bank of America's mortgage lien as wholly unsecured and pay it $0.00 on its unsecured claim; and (iv) value OneWest's claim at $0.00. Aurora's premise for paying $0.00 to the mortgage holders on the unsecured portions of their claims is that the underlying mortgage debts were fully discharged in the Chapter 7 case.

The Court entered an Order on December 7, 2010 in Aurora's Chapter 13 case holding Aurora is not eligible for a discharge pursuant to 11 U.S.C. Section 1328(f)(1). The Chapter 13 case was filed within four years of the petition date of the Chapter 7 case and the plain, unambiguous language of Section 1328(f) prohibits Aurora from receiving a discharge in her Chapter 13 case. Aurora did not seek reconsideration or appeal of the December 7, 2010 Order.

Aurora filed the Motion to Reopen in the Chapter 7 requesting: (i) the Chapter 7 case be reopened; (ii) her discharge be vacated; and (iii) she be dismissed from the reopened Chapter 7 case. The Motion to Reopen is an attempt by Aurora to circumvent Section 1328(f)'s discharge pro-

hibition by vacating the Chapter 7 discharge. Efrain filed a Consent (Doc. No. 32) in which he states: "[I] hereby consent to the reopening of my Chapter 7 Case for the purposes of Ms. Aurora Gomez being dismissed as a party to this proceeding. I have no objections." He does not state he consents to the discharge being vacated.

### *Analysis*

■■■■ Aurora desires to recharacterize real property as investment property and permanently modify the secured claims of Litton, Bank of America, and OneWest through cramdown and "strip off." She is prohibited from modifying these secured claims in a Chapter 7 proceeding. *In re Hoffman,* 433 B.R. 437, 440 (Bankr. M.D.Fla.2010). Chapter 13 allows for the modification secured claims, with certain exceptions, but a Chapter 13 discharge is required to be able to permanently modify such claims. *In re Jarvis,* 390 B.R. 600, 606 (Bankr.C.D.Ill.2008). Where a debtor is ineligible to receive a discharge in a Chapter 13, any modifications to the creditor's rights are not permanent and have no binding effect once the plan ends. *In re Lilly,* 378 B.R. 232, 236 (Bankr.C.D.Ill. 2007).

Aurora cited no law in support of her Motion to Reopen. She cites solely to 11 U.S.C. Section 350(b) in her post-hearing brief asserting grounds exist for reopening the case, namely, she requires the Chapter 7 to be reopened so that she may pursue the benefits of her Chapter 13 case. She cites no law for her request the Chapter 7 discharge be vacated.

■■■■ Section 727 of the Bankruptcy Code directs the Court to revoke a discharge in certain narrowly defined circumstances. The Court, upon a request by "the trustee, a creditor, or the United States Trustee" and after notice and a hearing, "shall revoke a discharge" if:

(i) the discharge was obtained through fraud unbeknownst to the movant until after the discharge was granted;

(ii) the debtor knowingly and fraudulently failed to disclose the acquisition of property of the estate, or that she became entitled to acquire property that would be property of the estate;

(iii) the debtor, as set forth in 11 U.S.C. Section 727(a)(6), refused to obey a lawful order of the Court, to respond to a material question, or to testify; or

(iv) the debtor failed to explain satisfactorily either a material misstatement in a bankruptcy audit or failed to make necessary records available for inspection in a bankruptcy audit.

11 U.S.C. § 727(d).[1] The statute of limitations for filing a discharge revocation mo-

---

1. A few Courts have held a Bankruptcy Court has the authority to revoke or vacate a discharge through Federal Rule of Bankruptcy Procedure 9024, which makes Federal Rule of Civil Procedure 60 applicable to bankruptcy proceedings, where the granting of the discharge was the type of "mistake" or "inadvertence" the Bankruptcy Court was empowered to remedy pursuant to Rule 9024. *See, e.g., Disch v. Rasmussen,* 417 F.3d 769, 779 (7th Cir.2005) (finding the granting of the debtor's Chapter 7 discharge resulted from the Court's own mistake and the circumstances required corrective action through revocation of the discharge pursuant to Rule 9024); *Cisneros v.*

U.S. (*In re Cisneros*), 994 F.2d 1462, 1466 (9th Cir.1993) (affirming Bankruptcy Court's vacating of debtors' Chapter 13 discharge pursuant to Rule 9024 where discharge was entered upon the Court's mistaken belief debtors had made all plan payments). A motion to revoke pursuant to Rule 9024 must be brought within a "reasonable time" as required by Rule 60(b). *In re Cisneros,* 994 F.2d at 1467. Aurora's situation in the pending matter is not the type of situation contemplated by the United States Courts of Appeal for the Seventh and Ninth Circuits. The entry of Aurora's Chapter 7 discharge was not

tion is one year from the date of discharge. 11 U.S.C. § 727(e)(1).[2]

■ A debtor does not have standing to seek revocation of her discharge pursuant to the plain and unambiguous language of Section 727(d). *Markovich v. Samson (In re Markovich)*, 207 B.R. 909, 911–12 (9th Cir. BAP 1997). Revocation may only be sought by a trustee, creditor, or the United States Trustee. Section 727(d) allows for revocation only in the circumstances precisely defined by Congress involving fraudulent acts, misrepresentations, or failures to cooperate by a debtor. The statute of limitations for filing a revocation motion is short and once the time period ends revocation may not be sought.

■ The narrowness of Section 727(d) and the absence of any other provision in the Bankruptcy Code allowing for revocation of a Chapter 7 discharge is purposeful. The discharge and the discharge injunction of 11 U.S.C. Section 524 are fundamental to a debtor's fresh start. *Hardy v. I.R.S. (In re Hardy)*, 97 F.3d 1384, 1388–89 (11th Cir.1996). The discharge injunction is permanent; it forever enjoins a debtor's creditors from pursuing the debtor for discharged debts. Debtors and their creditors rely upon the permanency of the discharge and the discharge injunction. Aurora received a Chapter 7 discharge more than two years ago and has enjoyed the benefits of the discharge and the discharge injunction. Her creditors have relied upon the permanency of her discharge and the discharge injunction.

To allow Aurora to vacate her discharge would undermine the sanctity of the Chapter 7 discharge and the discharge injunction. Aurora voluntarily filed a Chapter 7 case, received a discharge, reaped the benefits of her discharge and the discharge injunction, and now has determined, based upon the Court's recent decisions regarding 11 U.S.C. Section 1328(f), she needs to vacate her Chapter 7 discharge. Aurora seeks to reopen her Chapter 7 case and vacate her Chapter 7 discharge because it prevents her from receiving a discharge in her Chapter 13 case pursuant to 11 U.S.C. Section 1328(f). Aurora requires a Chapter 13 discharge to carry out her intended cramdown and strip off of the mortgage liens encumbering her real property.

The relief Aurora seeks is not authorized by the Bankruptcy Code and is contrary to the fundamentals of bankruptcy. Allowing Aurora to vacate her Chapter 7 discharge could lead to an abuse of the bankruptcy system by debtors who seek to avoid the repercussions of Section 1328(f). The Motion to Reopen is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Motion to Reopen (Doc. No. 28) is hereby **DENIED.**

---

the result of mistake or inadvertence. All that has happened is Aurora has changed her mind and belatedly decided she would be better off in Chapter 13 than Chapter 7. Her situation does not establish a basis for relief pursuant to Rule 9024. *In re Mosby*, 244 B.R. 79, 90 (Bankr.E.D.Va.2000).

**2.** The statute of limitations for a revocation motion pursuant to 11 U.S.C. Section 727(d)(2) or (d)(3) is before the later of one year after the discharge and the date the case is closed.