In re Chester C. GRABOWSKI
and Elaine M. Grabowski,
Debtor(s).

Chester C. Grabowski and Elaine
M. Grabowski, Movant(s)

v.

Americredit, Duquesne Light Company,
et al., Respondent(s).

No. 05–35105–TPA.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 12, 2011.

David A. Colecchia, Law Care, Greensburg, PA, Kenneth Steidl, Steidl & Steinberg, Pittsburgh, PA, for Debtors.

## ORDER

THOMAS P. AGRESTI, Chief Judge.

For several months this case has been in a state of procedural confusion attributable to the Debtors' Counsel's failure to follow basic rules of procedure and the orders of the Court. The Court must therefore act to "clean up" the resulting mess as best it can. A recitation of the relevant procedural history of the case is necessary to provide the appropriate context for this Order.

The Debtors' case was originally filed on October 9, 2005, as a voluntary Chapter 7 proceeding. The case proceeded normally, a discharge order was entered on May 3, 2006, and the case was closed that same date. On July 4, 2008, the Debtors filed a motion seeking to reopen the case, stating that they had inadvertently excluded two mortgages on their original Schedule D and wished to reopen the case so they could add them and convert the case to Chapter 13. The case was reopened and converted to Chapter 13 by an Order dated July 17, 2008. Thereafter, the Debtor obtained interim and then final confirmation of a Plan and made payments to the Chapter 13 Trustee.

Up to this point the matter had proceeded in a fairly straightforward manner. The present state of confusion can be traced back to April 14, 2011, when the Trustee filed a *Motion to Dismiss Case,* Document No. 162, seeking to have the case dismissed because the Debtors were $10,649 in arrears on their Plan and had not made a Plan payment since October 2010. Any *Response* by the Debtors to the Trustee's *Motion to Dismiss* was to be filed on or before May 4, 2011. The Debtors did not file such *Response* to the *Motion to Dismiss* by the deadline. They did, however, file a document entitled *"Motion for Hardship Discharge"*, Document No. 166, essentially conceding that they were delinquent under the Plan as alleged by the Trustee, but asking that they be granted a hardship discharge under *11 U.S.C. § 1328(b)* because circumstances beyond their control rendered them unable to complete the Plan. The *Motion for Hardship Discharge* was incorrectly designated as a "response" to the *Motion to Dismiss* when it was entered into the court's CM/ECF system by Debtors' Counsel. This improper designation also meant that a response deadline and hearing date for the *Motion for Hardship Discharge* were not set by the Court, as would have happened if it has been correctly designated.

On June 8, 2011, a hearing was held on the Trustee's *Motion to Dismiss Case.* At the hearing the Court noted that the Debt-

ors had not filed an appropriate *Response* to the *Motion to Dismiss* and indicated it was not inclined to grant the Debtors a hardship discharge in any event. Debtors' Counsel stated that the discharge that had been entered in 2006 when the case had been in Chapter 7 was "waived" when the case was reopened in 2008 and he then made an oral motion to convert the case back to Chapter 7 rather than have it dismissed.[1] The Chapter 13 Trustee did not oppose such conversion. The Court indicated at the hearing that it would grant the oral motion, however, after examining the case record in more detail after the hearing, discovered that the discharge which the Debtor had obtained when the case was previously in Chapter 7 was still in effect. The motion to convert could thus not be granted because the Debtors are not eligible for another Chapter 7 discharge at this time. The Court therefore issued a Rule to Show Cause Order, Doc. No. 172, directing Debtors' Counsel to appear on June 29, 1011, to show cause why the case should not be dismissed.

On June 23, 2011, the Debtors filed a *Response to Rule to Show Cause/Motion to Waive the Original Chapter 7 Discharge and Subsequently Discharge the Case,* Doc. No. 174. In this document the Debtors acknowledge that the prior Chapter 7 discharge was still in place but stated that they could now effect a "waiver" of such discharge pursuant to *11 U.S.C. § 727(a)(10),* and asked the Court to approve same so the case could be reconverted to Chapter 7.

At the Rule to Show Cause hearing, Debtors' Counsel stated that he had "real-ly screwed this one up" and reiterated the argument that the problem could be solved because the Debtors had a right to waive the prior discharge under *Section 727(a)(10).* Counsel stated that if the prior discharge were waived, the case could then be converted back to Chapter 7 and a new discharge entered. The Court expressed some doubt as to whether the Debtors had a right to waive the prior discharge, but said it would allow the Debtors time to file a motion to that effect. On July 1, 2011, the Court issued an Order vacating the Rule to Show Cause and giving the Debtors until July 20, 2011, to file a motion seeking to waive the discharge.

On July 20, 2011, the Debtors filed a *Motion to Waive Discharge and Convert the Case to a Case Arising Under Chapter 7 11 U.S.C. § 727(a)(10); 11 U.S.C. § 706(a),* Doc. No. 178. The Clerk's Office issued a corrective entry on July 21, 2011, directing this *Motion* to be refiled since the caption on the PDF document did not match the CM/ECF entry that was made. The same *Motion* was refiled on July 29, 2011, at Doc. No. 180, and another corrective entry was made on August 3, 2011, stating that it appeared to be a two-part motion (motion to waive discharge and motion to convert), and should be refiled as such. The Debtors took no action in response until September 12, 2011, when they filed a *Motion to Waive Debtors' Prior Chapter 7 Discharge 11 U.S.C. § 727(a)(10),* Doc. No. 182 ("Motion to Waive Discharge").

On September 30, 2011, the Trustee filed a *Response* to the *Motion to Waive Discharge,* arguing that the Debtors had abused the bankruptcy process and point-

---

**1.** In addition to Counsel's statement at the hearing, Paragraph 3 of the *Motion for Hardship Discharge* also alleges that the Chapter 7 discharge received by the Debtors had been "waived" as a result of the motion to reopen the case filed on July 4, 2008. That is a false statement. Neither the motion to reopen nor the proposed order which accompanied it (and which was signed by the Hon. Bruce McCullough on July 17, 2008) contains one word about "waiver" of the Chapter 7 discharge.

ed out that *Section 727(a)(10)* contemplates that a waiver of discharge by a debtor will be executed and approved by the court *before* the discharge is entered, not after the fact.

In an effort to rectify the procedural jumble that had ensued since the Trustee filed her *Motion to Dismiss,* on November 3, 2011, the Court issued an Order at Doc. No. 187 ("November 3rd Order"). Among other things, the *November 3rd Order* did the following:

- Debtors were directed to file a *Reply* to the Trustee's *Response* to the *Motion to Waive Discharge* on or before December 5, 2011.

- The *"Motion for Hardship Discharge"* filed at Doc. No. 166 was stricken because of the filing irregularities attending it and the Debtors were given leave until November 23, 1011, to file a similar motion under the correct CM/ECF event designation.

- The *Motions* filed at Doc. Nos. 178 and 180 were dismissed for failure to correct the noted deficiencies.

- Debtors were directed to file a *Response* to the *Motion to Dismiss* on or before November 23, 2011, and if they failed to do so, the *Motion to Dismiss* would be granted.

- The *Motion to Waive Discharge, Motion to Dismiss* and (if timely filed again) *Motion for Hardship Discharge*

would be the subject of a hearing on December 14, 2011.

The Debtors did not file a *Response* to the *Motion to Dismiss* by the November 23rd deadline, nor did they file a *Motion for Hardship Discharge.* Despite being directed to do so, the Debtors also failed to file a *Reply* to the Trustee's *Response* to the *Motion to Waive Discharge* by the December 5, 2011 deadline for doing so, although they did file a motion at 5:49 P.M. on December 5th seeking to extend the deadline for another 45 days, citing as a reason the busy schedule of Debtors' Counsel.

■ In issuing the *November 3rd Order* the Court was being exceedingly generous to the Debtors by giving them until November 23rd to file a *Response* to the *Motion to Dismiss.* As indicated above, that *Response* was originally due on May 4, 2011. However, the Debtors did not file an appropriate response to the Trustee's *Motion to Dismiss* by the original deadline nor did they seek leave to have the time extended in order to file such a response.[2] Rather than file a proper response, the Debtors' filed their *Motion for Hardship Discharge,* Document No. 166, which the Court has dismissed since it was non-responsive.[3] Given the Debtors' most recent failure to respond to the *Motion to Dismiss* by the November 23, 2011 deadline for doing so, the Court has no alternative but to dismiss the case, just as it indicated

---

2. Unfortunately, this is a reoccurring theme for Debtors' Counsel, David A. Colecchia. Atty. Colecchia has a long history of ignoring due dates imposed by this Court's Orders. He also has a history of attempting to file "last minute" motions in an attempt to obtain extensions of time. *See, e.g., In re William M. Morrison,* Case No. 06–23520; *Memorandum Order Following Rule to Show Cause Hearing* dated September 3,2008, filed in *In re Michael Weisel and Lori Sue Weisel,* Adversary No. 08–2195 at Doc. No. 72; *Order* dated August 12, 2009 filed in *In re Scott M. Critch-*

field *and Tracy M. Critchfield,* Case No. 03–35715.

3. Although the *Motion for Hardship Discharge* was not "formally" dismissed until the *November 3rd Order,* the Court explicitly told Debtors' Counsel at the June 8, 2011 hearing that it did not consider the *Motion for Hardship Discharge* to be responsive to the *Motion to Dismiss.* Debtors have thus been on notice for many months that they have never responded to the *Motion to Dismiss.*

would be done in the November 3rd *Order* in the event of such failure.

■ The Court does not enter this dismissal lightly and in doing so is fully-cognizant that there is a pending *Motion to Waive Discharge* which, if granted, could conceivably pave the way for the conversion of the case back to Chapter 7. However, the Court is satisfied that the *Motion to Waive Discharge* lacks merit and would be denied in any event because the Trustee is correct that a debtor may not "waive" a Chapter 7 discharge once it has been entered.

Specifically, the Debtors seek to waive their discharge pursuant to *11 U.S.C. § 727(a)(10).*[4] *Section § 727(a)(10),* in conjunction with *Fed.R.Bankr.P. 4004(c)(1)(c),* permits a debtor to seek a waiver of a discharge at any time after the order for relief under Chapter 7. However, the very structure of *Section 727(a)(10)* makes clear that the proposed "waiver" of a discharge is forward-looking and must be presented to the Court before a discharge has been granted. ("The court shall grant the debtor a discharge, unless—the court approves a written waiver of discharge executed by the debtor after the order of relief under this chapter.") Thus, "[w]hile no deadline has been expressly stated by the Code or Rules, the vesting of rights following the entry of discharge is a circumstance which Debtor could reasonably anticipate and which will be deemed to preclude the exercise of Debtor's right to waiver of [sic] the discharge." *In re Bailey,* 220 B.R. 706, 710 (Bankr.M.D.Ga. 1998).

■ The correct procedure to have a discharge withdrawn once it has been entered is to move for revocation pursuant to *11 U.S.C. § 727(d).* However, under these

circumstances, that provision would not afford the Debtors relief either since it is well-recognized that a debtor does not have standing to request revocation of his or her own discharge. *See In re Davitch,* 336 B.R. 241, 253 (Bankr.W.D.Pa.2006). *See also In re Markovich,* 207 B.R. 909, 911 (9th Cir. BAP 1997) (citing cases for the proposition that the Bankruptcy Code has no provision that would allow the court to revoke a discharge at debtor's request); 6 *Collier on Bankruptcy* at ¶ 727.17[1] (debtor does not have standing to seek revocation of a discharge).

In addition to being the law, prohibiting debtors from being able to undo their own discharge also makes sense from a practical standpoint. If a debtor were able to simply waive a prior discharge in order to obtain a more recent discharge, it would lead to much abuse, for example possibly allowing the circumvention of Bankruptcy Code provisions establishing minimum time periods between successive discharges. Allowing debtors to have a prior discharge waived or revoked would thus undermine the sanctity of the Chapter 7 discharge process and discharge injunction. *See In re Gomez,* 456 B.R. 574 (Bankr.M.D.Fla.2011).

The Debtors having failed to comply with the deadline imposed by the Court's *November 3rd Order* to respond to the Trustee's *Motion to Dismiss,* the Court not being aware of any meritorious defenses to said *Motion,* and the Debtors' lack of standing to seek revocation of the prior discharge, the case must be dismissed. Therefore,

***AND NOW,*** this ***12th day of December, 2011,*** for the foregoing reasons it is hereby ***ORDERED, ADJUDGED and DECREED*** that:

---

4. The Debtors' have not sought to upset the discharge order pursuant to *Fed.R.Bankr.P. 9024* which incorporates *Fed.R.Civ.P. 60,* nor have they provided any other legal basis by which the Court could upset the prior discharge.

(1) The Trustee's *Motion to Dismiss Case,* Document No. 162, is *GRANTED.*

(2) The hearing scheduled for December 14, 2011 at 3:00 P.M. is *CANCELLED.*